RECEIVED

JUL 3 0 2015

AT 8:30_____M
WILLIAM T. WALSH
CLERK

**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|                          |   |                         |
|--------------------------|---|-------------------------|
| UNITED STATES            | : |                         |
|                          | : |                         |
|                          | : | Crim. No. 13-0549 (FLW) |
| v.                       | : |                         |
|                          | : | **OPINION**             |
| DAVID MORDUKHAEV,        | : |                         |
|                          | : |                         |
|              Defendant.  | : |                         |

**WOLFSON, United States District Judge:**

Defendant David Mordukhaev ("Defendant") applies to this Court for a sentencing reduction based on Amendment 782 to the United States Sentencing Guidelines ("Guidelines"). In December 2013, Defendant was sentenced to 65 months of incarceration, within the Guideline range of 63 to 78 months. The now-applicable Guideline range is 51 to 63 months; Defendant requests a reduction to 52 months. The United States ("Government") does not contest that Defendant is eligible for a sentencing reduction, but asserts that a reduction is not warranted. For the reasons expressed herein, the Court reduces Defendant's sentence to 60 months of incarceration.

**FACTUAL AND PROCEDURAL BACKGROUND**

On or about October 18, 2012, Defendant was arrested and charged via federal Criminal Complaint with (1) entering a pharmacy without authority with the intent to steal materials and compounds which contained controlled substances; and (2) conspiring with others to distribute and possess with intent to distribute a mixture and substance containing a detectable amount of

1

oxycodone, in violation of 21 U.S.C. § 846. Defendant, with two others, burglarized, stole from, and vandalized a pharmacy on June 17, 2012, stealing, *inter alia*, 3,800 doses of oxycodone. The loss of all stolen items and the damage to the store was approximately $335,000.

On August 22, 2013, Defendant appeared before this Court and pleaded guilty to a single count of conspiracy to distribute and possess with intent to distribute a mixture and substance containing a detectable amount of oxycodone. A sentencing hearing was held on December 11, 2013, at which this Court determined Defendant's Total Offense Level to be 25 and Criminal History Category to be II. Accordingly, the Guideline range of imprisonment was 63 months to 78 months; the Court sentenced Defendant to a term of 65 months of imprisonment, to be followed by a three year term of supervised release.

Since Defendant's sentencing, Amendment 782 to the Sentencing Guidelines has retroactively lowered the penalties for most drug offenses by reducing most offense levels on the Drug Quantity Table, U.S.S.G. § 2D1.1(c), by two levels. Accordingly, Defendant has applied for a sentencing reduction pursuant to Amendment 782.

## **DISCUSSION**

The procedure for a sentence reduction, pursuant to a retroactive amendment to the Guidelines, has been laid out by the Supreme Court as follows.

> At step one, [18 U.S.C.] § 3582(c)(2) requires the court to follow the Commission's instructions in [U.S.S.G.] § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized. Specifically, § 1B1.10(b)(1) requires the court to begin by "determin[ing] the amended guideline range that would have been applicable to the defendant" had the relevant amendment been in effect at the time of the initial sentencing. 'In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline

> provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.'
>
> . . .
>
> At step two of the inquiry, [18 U.S.C.] § 3582(c)(2) instructs a court to consider any applicable [18 U.S.C.] § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.
>
> *Dillon v. United States*, 560 U.S. 817, 827 (2010) (quoting U.S.S.G. § 1B1.10(b)(1)).

The Government does not dispute that, under Step One, Defendant is eligible for a sentencing reduction, and that the new Guidelines range is 51 to 63 months. I agree, and I therefore need only address step two of the reduction inquiry.

The second step requires an examination of the factors under 18 U.S.C. § 3553. The parties focus on the following factors: the nature and circumstances of the offense and the history and characteristics of the defendant, § 3553(a)(1); the need for the sentence imposed to protect the public, *id.* at (a)(2)(C); and the need to avoid sentencing disparities among defendants with similar records who have been found guilty of similar conduct, *id.* at (a)(6).

With respect to factor (1), the nature and circumstance of the offense, and the history and characteristics of the defendant, Defendant asserts that this factor favors a reduction in sentencing to the lowest end of the new Guideline range. Defendant argues that he has "an improved track record of responsibility," that he has "develop[ed] his faith"; and that family members believe that time in prison has led to a "transition to a calmer David." Def. Br. at 8. Defendant acknowledges that he had one disciplinary violation shortly after arriving in prison, but has since remained out of trouble. *Id.* at 9. Defendant also argues that his post-sentencing conduct favors a reduction in sentencing. *Id.* Defendant has completed educational courses,

3

including a 300-hour textile and upholstery vocational program. *Id.* at 10. He works in the prison's electrical department, and has completed a drug educational program and a victim impact workshop. *Id.*

In contrast, the Government asserts that factor (1) does not favor a reduction in sentencing. The Government points out that Defendant's original criminal conduct included not only possession of drugs with intent to distribute, but that Defendant also broke into a building, stole thousands of dollars' worth of drugs, and vandalized the property. Gov't Br. at 8–9. The Government also draws the Court's attention to Defendant's violations and infractions while in federal custody and awaiting sentencing, *id.* at 2, and the violation following sentencing, *id.* at 4. The Government further notes that, in the time since the sentencing hearing, Defendant has pleaded guilty to three additional matters in New York Superior Court, including a charge of second degree assault with intent to cause serious bodily injury. *Id.* at 9–10. The Government argues that, if Defendant were sentenced now, his Criminal History Category would be a III rather than a II, and the Guideline range, subject to Amendment 782, would be 57 to 71 months.

With respect to factor (2), Defendant contends that a sentence reduction is consistent with public safety concerns, as the reduction sought is only one year, and he will remain subject to three years of supervised release. *Id.* The Government, however, contends that Defendant's actions, including his post-sentencing disciplinary violation, demonstrate that "he is a danger to just about anyone is close proximity to him, including law enforcement officers." Gov't Br. at 9.

Finally, with respect to factor (6) Defendant asserts that a reduction would not cause a disparity, *see* § 3553(a)(6). Defendant argues that a reduction to 51 months would be consistent with the sentence of the co-defendant in this case, whose sentence was reduced to 51 months. Def. Br. at 6. Additionally, Defendant notes that there have been large-scale sentencing

4

reductions across the country, and therefore reducing Defendant's sentence would be in line with the sentences of "defendants with similar records who have been found guilty of similar conduct." Def. Br. at 6.

On balance, I find that a limited reduction in sentencing is warranted. Defendant's crime was serious, involving not only stealing and drugs, but also destruction of property. I note, however, that his co-defendant committed the same crime, but his sentence was nonetheless reduced to 51 months, with no objection from the Government. Thus, while the nature of the crime weighs against a reduction, the risk of disparities with respect to similar defendants mitigates in favor of a reduction.

Defendant's personal history and characteristics are also mixed. As I stated at the sentencing hearing, Defendant has made many wrong choices. He had a number of arrests over his adult years, and has, since sentencing, accumulated three additional convictions. While in jail awaiting sentencing, Defendant had a substantial number of infractions. Indeed, two years after sentencing, Defendant had another infraction in prison, involving fighting with another person.

However, the record shows that Defendant's character has improved more recently. Defendant has had no infractions since June 2014, and the record does not show any infractions between his sentencing and that time. Defendant has taken numerous classes while incarcerated, and participated in work assignments. Moreover, Defendant has become more involved in his religion, and letters from his family members indicate that he has matured. Defendant and his family members indicate that has an offer for a job upon leaving prison, and that he will enter into a community with strong support.

I note that Defendant will remain subject to three years of supervision upon release, and therefore the public safety does not weigh against a reduction in sentencing.

5

In light of the factors described above, I find that a reduction in sentencing is warranted. However, based Defendant's history of criminal activity and infractions while in custody, I find that a reduction to the bottom of the new Guidelines is not appropriate. Accordingly, I reduce Defendant's sentence to 60 months of incarceration.

## CONCLUSION

For the reasons expressed herein, Defendant's Motion for a sentencing reduction pursuant to Amendment 782 is granted in part, and Defendant's sentence is reduced to 60 months of incarceration.

/s/ Freda L. Wolfson
Hon. Freda L. Wolfson
United States District Judge